## WALKER v. CLARK et al.
### No. 2594.

Court of Civil Appeals of Texas. Eastland.
June 13, 1947.

Rehearing Denied July 11, 1947.

Thomas & Thomas, of Big Spring, for appellant.

Ben J. Dean, J. G. Harrell, both of Breckenridge, for appellees.

GRISSOM, Chief Justice.

A. E. Walker filed this suit in Howard County against Ollie Jackson, sheriff of Stephens County, and Lester Clark, receiver for the F. and M. Drilling Corporation. Said defendants filed pleas of privilege to be sued in Stephens County, where they reside. Upon a trial to the court, judgment was rendered sustaining said pleas and transferring the case to Stephens County. Walker has appealed.

In April, 1942, W. J. Rhodes was appointed receiver of the F. and M. Drilling Corporation by the District Court of Stephens County. The Cen-Tex Supply Company, a partnership composed of Hellinghause, Noah and Kelly, was plaintiff in the petition for receivership. In August, 1945, Clark succeeded Rhodes as receiver. He was ordered by said court to sell a spudder, alleged to belong to the F. and M. Drilling Corporation, and to deliver possession to the purchaser. Walker fastened the spudder with locks and chains so that it could not be moved and the purchaser was unable to obtain possession. Receiver Clark filed an affidavit in the District Court of Stephens County setting forth said facts and asked that Walker be cited to appear and show cause why he should not be adjudged in contempt of court. Walker was cited but did not appear and, upon a hearing, was adjudged in contempt of court, fined and ordered committed to jail for three days. A warrant was issued for his arrest. He was arrested in Howard County and taken to Stephens County by Sheriff Jackson and there placed in jail over night. The next day he was permitted by the sheriff to spend in the company of his attorney. He then procured a modification of the contempt judgment, which constituted a remission of his fine and the remaining portion of his jail sentence, upon agree-ing to comply with the orders of the court and deliver possession of the spudder to the purchaser. The act of the sheriff in arresting Walker in Howard County and causing his confinement in jail in Stephens County in obedience to the judgment of the District Court of Stephens County, which was rendered on the complaint of the receiver, constitutes the basis of plaintiff's asserted cause of action for damages against them. Walker asserts the right to maintain the suit in Howard County on the ground that a trespass was committed there by appellees. The basis of his claim that his arrest was unlawful and, therefore, that defendants committed a trespass in Howard County, is that, as a matter of law, the judgment of contempt is void. His conclusion rests upon the established rule that ordinarily a receiver cannot, through summary proceedings, take into custody property found in the possession of a stranger to the receivership who claims it adversely.

Walker contends that he is the owner of the spudder and was in possession thereof; that he purchased it from the Cen-Tex Supply Company and that the receiver never had possession.

There was evidence that at the time Rhodes was appointed receiver, the spudder was in the possession of the F. and M. Drilling Corporation, the defendant in receivership; that when Rhodes was appointed receiver he made an agreement with Hellinghausen, a member of the firm of the Cen-Tex Supply Company, plaintiff in the receivership suit, whereby the members of the Cen-Tex Supply Company, who were experienced in such matters, were to rent the spudder for the receiver; that, pursuant to such agreement, Hellinghausen thereafter rented the drilling machine to appellant Walker in April, 1942; that in July, 1944, Noah, a member of the Cen-Tex Supply Company, acting for the receiver, signed a written agreement to rent the machine to Walker to drill a certain oil well; that Walker was advised, at the very beginning of his connection with the spudder, that it belonged to the F. and M. Drilling Corporation and that it was in the hands of a receiver; that at the time Walker signed the written rental

contract last mentioned, he was again told that the spudder belonged to said drilling company; that it was in the hands of a receiver and the spudder was in the custody of the court. Receiver Clark testified that after his appointment he had several conversations with Walker in which Walker attempted to buy the machine from him. Walker testified that the Rhoten Well, for the drilling of which he obtained the spudder by the written rental contract dated July 28, 1944, was completed within sixty days after said date.

The evidence before the court justified its presumed finding that Walker was in possession of the spudder under a rental contract entered into with a party to the receivership, with knowledge of its ownership by the F. and M. Drilling Corporation, and its possession by the receiver, through his agent. In support of the judgment rendered, we presume that the court concluded that Walker was a bailee of the spudder. See 5 Tex.Jur. 1011. Under such circumstances it was the duty of Walker, upon termination of the rental contract, sixty days after July 28, 1944, to redeliver the machine to the receiver. 5 Tex.Jur. 1035. A bailee cannot dispute the title of his bailor as a justification for his refusal to return the bailed property. Grooms v. Rust, 27 Tex. 231; Callihan v. Montrief, Tex.Civ.App., 71 S.W.2d 564; 8 C.J.S., Bailments, § 21, P. 253; 5 Tex.Jur. 1037.

From the evidence, the court presumably concluded that after drilling of the Rhoten Well was completed, Walker held the spudder as bailee or agent of the receiver, having obtained its possession through members of the Cen-Tex Supply Company, acting as agents for the receiver in renting the machine to Walker for the purpose of drilling that particular well. When possession is withheld by one claiming under parties to the suit, with notice of the appointment of the receiver, "there can be no question as to the authority of the court to interfere in a summary way and enforce its order for surrender of the property * * * ." 45 Am.Jur. 163. See also 36 Tex.Jur. 185.

When appellant was arrested by virtue of the judgment of the Stephens County Court holding him in contempt he did not apply for a writ of habeas corpus. He did not then question the jurisdiction of that court to render the judgment. There is ample evidence that the court had jurisdiction over the property. Walker obtained the service of eminent counsel and procured a modification of the judgment favorable to him. Upon his application, the court remitted the fine and the unserved portion of the jail sentence imposed upon him. The court may have concluded that Walker thereby acquiesced in said judgment, as modified, and submitted himself to the jurisdiction of said court. 26 Tex.Jur. 630; Laing v. Rigney, 160 U.S. 531, 16 S.Ct. 366, 40 L.Ed. 525; 45 Am.Jur. 164. The judgment of the District Court of Stephens County was not void. Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66. The evidence does not conclusively show a trespass committed by appellees in Howard County. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Walker v. Martin, Tex.Civ.App., 129 S.W.2d 1149.

The judgment is affirmed.