Ex parte J. B. HARVILL, Relator.

No. B–164.

Supreme Court of Texas.

May 24, 1967.

McWhirter & Braswell, Henry Braswell, Paris, for relator.

Raymond R. Johnson, Sulphur Springs, G. C. Butler, Bonham, for respondent.

STEAKLEY, Justice.

This is an original habeas corpus proceeding. The background facts are these. In cause No. 25,226 in the 62nd Judicial District Court of Lamar County, Texas, Carrie Lee Smith sued her husband, Ben Ray Smith and Granville C. Farmer and the Liberty National Bank in Paris. The suit was for divorce, the adjudication of certain property rights and a division of the community estate. A final decree was entered under date of June 5, 1965. J. D. Beaty was appointed receiver to take charge of all the property, real and personal, comprising the community estate of Carrie Lee Smith and Ben Ray Smith. Included in such properties was a tract of land situated in Lamar and Red River Counties, consisting of 2,148.744 acres, more or less. Farmer had asserted a claim against this property under a deed from Ben Ray Smith but was decreed to have no claim, right, title or interest therein, the jury having found that the deed, if any, from Smith to him was a fraudulent conveyance. The receiver sought to take possession of the property but found Relator in possession. Relator refused to yield possession and on February 28, 1967, the receiver filed a contempt complaint against him. Relator, who is a licensed attorney of Texas, was not a named party in the prior divorce proceeding but did appear therein as an appeal counsel for Farmer in the application for writ of error filed in his behalf. Relator was ordered to show cause in the contempt proceeding and hearing was held on March 10, 1967, at the conclusion of which Relator was adjudged guilty of direct and constructive contempt, assessed a fine of $100.00 and ordered confined in jail for three days and continuously thereafter "until he shall purge himself of contempt of court by delivering into the possession of the receiver the aforementioned property and by ceasing and causing to be ceased by himself and all others under his control and direction, all interference with the receiver's possession and control of said property." Relator thereupon filed his petition for writ of habeas corpus which was granted by this court on March 14, 1967.

Relator testified in the contempt hearing that he leased the property from Farmer in 1959 since which time he has been in management and possession thereof; that the lease is not of record; that Farmer

was in possession of the property at the time of the lease to him; that he paid rent to Farmer on the property "until a few months ago;" and that he did in fact refuse to yield possession to the receiver. This testimony was not disputed. Moreover, upon finding Relator in possession of the property the receiver did not bring suit to try title or gain possession by any of the accepted forms of action such as suit in trespass to try title or forcible entry and detainer. As a result, Relator's right of possession as a claimed lessee has not been adjudicated in any form of action in which he has been named as a party and thereby afforded the ordinary incidents of civil litigation such as the right to a jury trial. Our question, then, is whether the coercive summary contempt proceeding utilized against Relator in the manner and under the circumstances here shown afforded him due process of law. We hold that it did not.

It was, of course, the duty of the receiver to take possession and control of the property in question since it was specifically described in the decree as included in the community estate of Carrie Lee Smith and Ben Ray Smith. It is the well-settled rule, however, that a receiver cannot ordinarily take into custody through summary proceedings property found in the possession of strangers to the record who claim adversely. Ex Parte Renfro, 115 Tex. 82, 273 S.W. 813, 40 A.L.R. 900 (1925). We there held a contempt punishment order void as denying due process, saying, upon the basis of extensive citations:

"The ordinary course to pursue in such cases where a receiver desires to obtain possession of property in the hands of a stranger to the receivership suit, claiming adversely, is either for the receiver to bring an action against the third party, or for the plaintiff to make him a party to the suit and have the receivership extended to him. Contempt proceedings are not appropriate."

Ex Parte Renfro has become a leading case on this question. It is the subject of an annotation in 40 A.L.R. at p. 900 and is cited in 2 Clark on Receivers, 3rd ed., chapt. XXI, ¶ 636, p. 1049, where the rule is stated as follows:

"When the party against whom action is asserted is not a party to the main case, then it is customary to proceed against him by plenary suit or ancillary bill."

*     *     *     *     *     *

"Title or the right to property cannot be tried in a contempt proceeding. What is meant by this well settled rule is that a court in such a proceeding cannot by its order take property from the actual possession of a stranger to the action in which a receiver is appointed who claims title to it or right to its possession. Such an order would be void, because one in possession of property, cannot be dispossessed without due process of law, which means an appropriate action brought against him, whereupon issues are framed and a regular trial before a court or jury, wherein his title or right to retain possession may be determined, and a proceeding in contempt is not such an action."

See also Ex Parte Britton, 127 Tex. 85, 92 S.W.2d 224 (1936) holding that the appointment of a receiver does not grant the court power to take property from the possession of a third person who is not a party to the litigation; further, that resort to summary proceedings is not suitable to settle conflicting claims.

Respondent contends that Relator is bound by the terms of the original judgment in the cause because he was an appeal attorney for Farmer and necessarily acted with full knowledge of the provisions of the judgment; that he is also presumed to have notice of record title in Ben Ray Smith; that the purported lease from Farmer to Relator is patently invalid in light of the judgment; that the contempt hearing record was amply sufficient to support the findings of the trial court; and that Relator

was acting in concert and conspiracy with Farmer and Smith to defeat the enforcement of the judgment.

■ The fact the Relator appeared as appeal counsel for Farmer, his alleged lessor and a party litigant, with presumed knowledge of the judgment, is not sufficient to bind Relator to the judgment. This is not a comparable situation to that involved in Miller v. Dyess, 137 Tex. 135, 151 S.W.2d 186, 137 A.L.R. 578 (1941) holding an attorney bound by a judgment to the same extent as a named party under facts showing that the attorney had a contingent interest in the subject matter of the litigation conveyed to him by a litigant and that he directed the trial of the case. The elements of actual ownership by the attorney in the subject matter of the litigation, as well as active participation in the trial of the case, are common to the cases binding an attorney of record to a judgment when he is not a named party. Cf. Seiter v. Marschall, 105 Tex. 205, 147 S.W. 226 (1912) and Houston Oil Co. of Texas v. Village Mills Co., 241 S.W. 122 (Com.App.1922). The testimony of Relator, which was not disputed, that he had been in possession of the property under lease from Farmer since 1959, a time prior to the instant litigation, also precludes a *pendente lite* situation such as that considered in Latta v. Wiley, 92 S.W. 433 (Tex.Civ.App.1906) error ref., cited by Respondent. Walker v. Clark, 203 S.W.2d 590 (Tex.Civ.App.1947), no writ, also relied on by Respondent, was a suit for damages for confinement in jail under a contempt judgment; the immediate problem of the appeal, however, was one of venue. In the course of the opinion the Court recognized the principles we have stated but found them inapplicable under evidence that possession of the property withheld from the receiver arose subsequent to, and with notice of, the receivership suit and with knowledge of the true owner. Such is not the case here. Additionally, there was no evidence adduced at the contempt hearing supportive of the trial court findings that in withholding possession of the subject property Relator was acting as an agent of a party to the judgment, or in concert and conspiracy with a party to the judgment. It may very well be, as Respondent argues, that the lease under which Relator asserts the right of possession is invalid and will be so held in event of a trial of this issue. This does not, however, gainsay the fact that such issue has not been tried in a proceeding in which Relator was a party or in which, notwithstanding, a judgment would be binding on him.

■ As before noted, the court also found Relator guilty of direct contempt predicated upon the fact that upon demand in open court in the contempt hearing he restated his refusal to yield possession of the property to the receiver. Respondent urges the validity of the contempt punishment upon this additional basis. Direct contempt is grounded upon disrespectful conduct concerning the dignity and authority of the court committed in the presence of the court under which circumstances the judge is not required to follow constructive contempt procedures of complaint, notice and hearing. See Ex Parte Norton, 144 Tex. 445, 191 S.W.2d 713 (1946). Such is not the case here. Relator did no more than assert the right for which he was on trial and due process would be rendered for naught if such assertion could be converted into an act of direct contempt in the manner here shown.

■ We are not unmindful of the circumstantial inferences which, no doubt, impelled the trial court to take the coercive action under review. But Relator has not been given due process of law in determining his right of possession and the decree punishing him for contempt is void.

Relator is ordered released.