**Ex parte Kenneth Ray MOUILLE, Relator.**

**No. 17261.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 14, 1978.

Don R. Stewart, Walter R. Grimes, Houston, for appellant.

Don C. Smith, Baytown, for appellee.

PEDEN, Justice.

Kenneth Ray Mouille was committed to custody until he should cause his infant daughter to be delivered to the Family Court Services of Harris County. A temporary order signed on July 7, 1978, the same date as the order of commitment, had directed that the child "remain in the custody" of the relator's wife. We agree with the relator's contention that he was not afforded due process prior to commitment, and we order him discharged from custody.

On June 20, 1978, the relator filed suit for divorce in the 246th District Court, and the next day that court issued a temporary restraining order against his wife, a writ of attachment for delivery of the parties' child, and named the relator temporary managing conservator. Service of citation was had the same day upon Brenda Jean Mouille, the relator's wife. She filed a cross-action for divorce and custody and asked for a temporary restraining order. On June 23, Judge Wells Stewart of the 308th District Court dissolved the temporary restraining order issued by the judge of the 246th District Court and ordered the juvenile probation officer to make an investigation into the home environment of the parties. The juvenile probation officer's report reflects that Judge Stewart conducted another hearing on June 26 and denied visitation privileges to the relator.

The docket sheet shows that on July 6 the relator's plea to the jurisdiction of the 308th District Court and his motion asking the judge to disqualify himself were denied. The case was transferred to the 308th Court.

The temporary order signed on July 7 recites that the parties appeared on June 26 in person and by their attorneys on their applications for temporary orders. The court set aside the earlier writ of attachment for the delivery of the child to the relator, and ordered that she "remain in the custody" of Mrs. Mouille, denied visitation privileges to the relator, temporarily restrained him from interfering with Mrs.

Mouille's possession of the child, and ordered that a social study be made.

This order of commitment was entered on the same day that the temporary order was signed, July 7:

## "ORDER OF COMMITMENT

"BE IT REMEMBERED that on this the 7th day of July, 1978, came to be heard the above entitled and numbered cause wherein a SHOW CAUSE HEARING for temporary orders was had.

And it appearing to the court after hearing the testimony from the parties and witnesses, and after reviewing the results of voluntary polygraph examinations conducted on 6/6/78, that said KENNETH MOUILLE has made false statements in court. And, it further appearing to the court that KENNETH MOUILLE has secreted the minor child, Michelle Fowler, in violation of a temporary order of this court entered on the 26th day of June, 1978, and it further appearing to this court that the child's safety and welfare are in question,

IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED by this court under the authority granted this court under § 11.11 of the Texas Family Code that the person of KENNETH MOUILLE be immediately attached and that said KENNETH MOUILLE be confined by the Sheriff of Harris County and remain confined in such custody until he shall cause to be produced the person of the child and deliver such child, Michelle Fowler to the managing conservator, Family Court Services, Harris County, Texas.

LET THEREFORE, COMMITMENT ISSUE to the Sheriff of Harris County, Texas accompanied by a certified copy of this order.

ENTERED this the 7th day of July, 1978.

/s/ Wells Stewart
Judge"

Clearly, this commitment is coercive and not punitive in nature even though it recites, based on unusual proof, that it appears the relator had made false statements in court.

"Civil contempt in Texas is the process by which a court exerts its judicial authority to compel obedience to some order of the court. *Ex parte Werblud,* 536 S.W.2d 542 (Tex.1976). One who is committed to jail for civil contempt should be able to find in the record a written order which meets the requirements of *Ex parte Slavin,* 412 S.W.2d 43 (Tex.1967). It is the written order which is entered on the minutes, which a court is directed to sign by Tex.R. Civ.P. 306a, and which evidences one's rights and duties." *Ex parte Padron,* 565 S.W.2d 921 (Tex.1978).

To determine whether the relator was afforded due process in this quasi-criminal matter, we consider the entire record. *Ex parte Cardwell,* 416 S.W.2d 382 (Tex.1967).

The relator does not appear to have been served with any written notice of contempt charges against him. The temporary order provided that the child remain in the custody of Mrs. Mouille; the commitment recited that the relator has secreted the child in violation of the temporary order.

 This case was one of constructive civil contempt, since the relator was committed for violating a court order and was ordered confined until he produced the child. In cases of constructive contempt, the court is required to follow procedures of complaint, notice and hearing. *Ex parte Harvill,* 415 S.W.2d 174 (Tex.1967). During the course of a constructive civil contempt hearing the court may not, by making an oral order, avoid the notice requirements of due process by converting the hearing into one for direct contempt. (Direct contempt is the disrespectful conduct concerning the dignity and authority of the court committed in the presence of the court). If such an oral order is made, the accused is entitled to decline to comply. He is entitled to "assert the right for which he is on trial, and due process would be rendered for naught if such assertion could be converted into an act of direct contempt in the manner here shown." *Ex parte Padron,* supra; *Ex parte Harvill,* supra.

We find no specific authority under Section 11.11 of the Family Code to support the action taken by the trial court in this matter.

 In summary, the relator was ordered confined for constructive civil contempt for violating an oral provision that was put in writing the same day he was committed. The record does not reflect that the required procedures of complaint and notice were followed. We conclude that the relator was not afforded due process. We order him discharged from custody.