**Ex parte G. Michael COOPER, III.**

**No. 69176.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 28, 1983.

G. Michael Cooper, III, Houston, for appellant.

Tim Curry, Dist. Atty. and H. David Montague, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Applicant seeks to invoke the original jurisdiction of this court by virtue of an

application for writ of habeas corpus. It is his prayer that this court set aside the judgment of contempt against him by the Court of Appeals, Second Supreme Judicial District, ordering him confined to jail for five days and to pay a $500.00 fine.

The sequence of events is reflected by the said judgment of contempt which reflects in part as follows:

" 'This is an appeal from a conviction for the offense of rape. Punishment was assessed at 55 years.

" 'The record reflects that appellant is indigent and represented by court-appointed counsel. No brief has been filed in appellant's behalf.

" '*Anders v. California,* 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967), the Supreme Court held that court-appointed appellate counsel must act as an advocate for his indigent client, even though the appeal be frivolous. This requires that counsel file a brief in appellant's behalf. The holdings of the Court of Criminal Appeals in *Gainous v. State,* 436 S.W.2d 137 (Tex.Cr.App.1969), and *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974), follow this rule.

" 'Appellant's counsel has requested three extensions of time to file a brief which this court granted. Appellant's brief was due in this court on March 16, 1983.

" 'It is therefore ORDERED that appellant's counsel, the Honorable G. Michael Cooper, III, shall file a brief in this court in appellant's behalf on or before April 29, 1983. The State shall file its reply brief on or before May 31, 1983.

" 'It is so ORDERED this 6th day of April 1983.'

"WHEREAS, this Court has received communication by letters received in this Court on April 29, 1983 and May 11, 1983, from appellant, Gregory Lamont Wofford, who is incarcerated as a result of his conviction in this cause, inquiring as to whether a brief had been filed in his case by his attorney and when his case would be set for submission, to which this Court replied that no brief had been filed to date and no submission date set.

"WHEREAS, on the 3rd day of May, 1983, this Court made and entered the following order, to-wit:

" 'On the 6th day of April 1983, in the Court of Appeals for the Second Supreme Judicial District of Texas, in Cause Number 2–82–131–CR, styled *Gregory Lamont Wofford vs. The State of Texas,* this Court issued an order directing the Honorable G. Michael Cooper, III, court-appointed counsel for the appellant, to file a brief on behalf of appellant on or before April 29, 1983. No brief has been filed as directed by said order.

" 'It is therefore *ORDERED* by the Court that said attorney, the Honorable G. Michael Cooper, III, appear before this Court on May 11, 1983 at 9:00 a.m. and show cause why he should not be held in contempt of this Court's aforementioned order for failure to complete the preparation and filing of said brief within the time so specified.

" 'It is so ordered this 3rd day of May 1983.'

"WHEREAS, on the 11th day of May, 1983, G. Michael Cooper, III, failed to appear at 9:00 a.m. as ordered, but instead notified this Court that he was ill and unable to appear as ordered and requested a postponement. To accommodate Cooper, the hearing date was reset to 9:00 a.m., June 1, 1983. This Court notified Cooper by letter dated May 11, 1983, that the show cause order had been reset for hearing on Wednesday, June 1, 1983, at 9:00 a.m.

"WHEREAS, on the 1st day of June, 1983, G. Michael Cooper, III, failed to appear in this Court at 9:00 a.m. to show cause why he should not be held in contempt of this Court for failing to file a brief in this cause as ordered by this Court.

"WHEREFORE, premises considered, G. Michael Cooper, III, has failed to comply with the said order of this court of May 3, 1983, ordering him to appear before this Court to show cause why he

should not be held in contempt of this Court for failing to file a brief on behalf of Gregory Lamont Wofford as ordered by this Court, and is by such failure in contempt of this Court.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by this Court that G. Michael Cooper, III, is in contempt of this Court for failing to appear at 9:00 a.m. on June 1, 1983, as ordered by this Court, to show cause why he should not be held in contempt for failing to file a brief in this cause as ordered by this Court.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by this Court that as punishment for such contempt, G. Michael Cooper, III, be and is fined the sum of Five Hundred Dollars ($500.00) and is ordered placed in the county jail of Tarrant County, Texas, for a period of five (5) days."

Applicant and respondent appear to clash over the issue of whether the applicant was properly notified of the hearing on June 1, 1983 to determine if he should be held in contempt for failing to file an appellate brief. What appears to be overlooked is that by the written judgment of contempt the applicant was not held in contempt for failing to file an appellate brief which was the subject matter of the hearing on June 1st, but was held in contempt for failure to appear at the June 1st hearing.

■ A direct contempt occurs within the presence of the court; constructive or indirect contempt occurs outside the presence of the court. *Ex parte Gordon,* 584 S.W.2d 686 (Tex.1979); *Ex parte Werblud,* 536 S.W.2d 542 (Tex.1976); *Ex parte Wilson,* 559 S.W.2d 698 (Tex.Civ.App.1977); *Ex parte Hosken,* 480 S.W.2d 18 (Tex.Civ.App. 1972).

■ As pointed out by this court in *Ex parte Supercinski,* 561 S.W.2d 482 (Tex.Cr. App.1977), direct contempts are those where the acts occur in the presence of the court and the court knows of all the facts which constitute the contempt, and constructive contempts relate to acts which require testimony to establish their existence.

■ The failure to appear in court as in the instant case is a matter of constructive contempt.

■ Where an individual is charged with constructive contempt of court and neither show cause order is issued nor timely service had, and he is further denied an adequate hearing, contempt judgment against him is invalid and due process is violated. *Ex parte Hodge,* 389 S.W.2d 463 (Tex.1965). See also *In re Newton,* 534 S.W.2d 194 (Tex.Civ.App.1976); *Ex parte Standard,* 596 S.W.2d 218 (Tex.Civ.App.1980); *Ex parte Turner,* 478 S.W.2d 256 (Tex.Civ.App.1972). See also *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974); *Ex parte Gordon,* supra.

■ Here no show cause order was issued, nor was applicant given notice of the specific charges against him, or permitted a hearing to show cause why he should not be held in contempt for failure to appear on June 1, 1983. The judgment of contempt is void as written. See *Ex parte Droby,* 369 S.W.2d 352 (Tex.Cr.App.1969); *Ex parte Gordon,* supra; *Ex parte Martin,* 656 S.W.2d 443 (Tex.Cr.App. 1982).

Applicant's prayer for relief is granted, and the said judgment of contempt is set aside.