NUMBER 13-05-335-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

___________________________________________________________________

 

        IN RE ALBERT ACEVEDO

__________________________________________________________________

 

                   On Petition for Writ of
Habeas Corpus ___________________________________________________________________

 

                     MEMORANDUM OPINION

 

       Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                             Per Curiam Memorandum Opinion 

 

 

Albert Acevedo, Jr., relator, has filed a petition
for writ of mandamus arguing that his due process rights were violated by an
judgment of contempt entered against him by the judge of the County Court at
Law No. 2 of Victoria County.  Because a
writ of attachment for relator's arrest has been issued and is outstanding,
this Court will construe Acevedo=s petition as a petition for a writ of habeas
corpus.  See Ex parte Casillas, 25
S.W.3d 296, 298 n.1 (Tex. App.BSan Antonio 2000, orig. proceeding).








 Acevedo, an
attorney representing a criminal defendant before the Victoria County Court at
Law No. 2, allegedly failed to appear for announcements on February 9, 2005,
although he attempted to file a motion for continuance with the court on that
date.  On February 10, the court issued a
Ashow cause citation@
addressed to Acevedo which stated

You are hereby commanded to appear before the
honorable County Court at Law No. 2 of Victoria County, Texas at the Courthouse
of said County in Victoria, Victoria County, Texas on the 23rd day of February,
2005 at 9:00 o=clock a.m. to answer to the demand made by [the
county court judge].  Nature of the above
mentioned demand is substantially to have a hearing to show cause why you
should not be held in contempt of court. 

 

Acevedo asserts that this show cause citation was
not personally served on him, and the record establishes that the Officer=s Return and Certificate of Delivery accompanying
the citation was incomplete and unsigned. 
Acevedo did appear at the originally scheduled show cause hearing on
February 23, 2005 and moved to recuse the sitting judge of the county court at
law.  A judge was assigned to hear the
recusal and the show cause hearing was apparently rescheduled for March 24,
2005.  A certified letter notifying
Acevedo of the upcoming hearing was sent through the mail and he was again not
personally served with notice of the proceedings.  The Agreen card@ indicating receipt of the letter showing the new
hearing time and date was returned signed by someone other than Acevedo.

Acevedo did not appear at the March 24 hearing and,
in his absence, the court entered a judgment of contempt.  The trial court imposed a $3,000 fine and
assessed ten days= confinement in the Victoria County Jail.  A writ of attachment directing the Victoria
County sheriff to arrest Acevedo for this finding of contempt was issued by the
judge on the same day.  This order was
later amended on May 18 to reduce the fine to $500, the statutory limit for
such fines.  








Acevedo attempted to appeal the order holding him in
contempt to this Court.  We dismissed the
appeal for lack of jurisdiction, holding that contempt orders can only be
reviewed by the filing of original proceedings with the courts of appeals.  See Acevedo v. State, No.
13-05-222-CR, 2005 Tex. App. LEXIS 3668 at *3 (Tex. App.BCorpus Christi May 12, 2005, no pet.) (per
curiam).  Acevedo then filed his petition
for writ of habeas corpus with this Court.  
Pending our decision on this writ of habeas corpus, this Court granted
Acevedo the right to post bail upon his being taken into custody by an order
dated May 25, 2005. 

An original habeas corpus proceeding is a collateral
attack on a contempt judgment.  Ex
parte Rohleder, 424 S.W.2d 891, 892 (Tex. 1967); In re Houston, 92
S.W.3d 870, 875 (Tex. App.BHouston [14th Dist.] 2002, orig. proceeding).  A writ of habeas corpus will issue if the
contempt order is void because it deprives the relator of liberty without due
process of law, see Ex parte Swate, 922 S.W.2d 122, 124 (Tex.  1996), or because the order of contempt was
beyond the power of the court to issue. See Ex parte Barnett, 600 S.W.2d
252, 254 (Tex. 1980); In re Houston, 92 S.W.3d at 875-76.  

In Ex parte Johnson, 654 S.W.2d 415, 422
(Tex. 1983), the Texas Supreme Court held that a court should not try charges
of criminal constructive contempt in the alleged contemnor's absence, but
should instead issue a capias or writ of attachment to bring the alleged
contemnor before the court.  AConstructive contempt is a violation of a court
order outside the presence of the court, including failure to appear for a
hearing.@ Id. (citing Ex parte Gordon, 584
S.W.2d 686, 688 (Tex. 1979); Ex parte Cooper, 657 S.W.2d 435, 437 (Tex.
Crim. App. 1983)).  See also Ex Parte
Alloju, 907 S.W.2d 486, 487 (Tex. 1995) (per curiam) (Athe justice court should not have proceeded on the
contempt charges in [defendant=s] absence without a waiver of his right to be
present@); In re White, 45 S.W.3d 787, 790 (Tex. App.BWaco 2001, orig. proceeding) (requiring personal
appearance of defendant at contempt hearing). 
The Ex parte Johnson opinion also addressed the issue of a party=s right to waive his presence at the contempt
hearing:








It
is the burden of the moving party, not the accused, to affirmatively
demonstrate that a defendant in a criminal proceeding had sufficient notice to
appreciate the criminal nature of the proceeding against him and that he has
knowingly, intelligently, and voluntarily waived his right to be present and
participate at trial. . . .  Courts,
moreover, must exercise due care to ensure the accused is aware of the
processes taking place and of his right and obligation to be present. . . .
This is particularly true in cases of constructive criminal contempt where the
alleged contemptuous act has taken place outside the presence of the court.

 

Ex parte Johnson, 654 S.W.2d at 421 (citations omitted).  

Given that there was no
affirmative finding by the trial court that Acevedo knowingly and intelligently
waived his right to attend and participate at the hearing,[1]
the trial court could not lawfully have found Acevedo guilty of contempt in his
absence, but rather should have issued a capias or writ of attachment and
brought him before the court to face the contempt charges.  








Furthermore, the record establishes that the show
cause order and service of this order was inadequate and could not support the
trial court=s finding. 
Due process requires that the alleged contemnor be personally served
with a show cause order or that it be established that he had knowledge of the
content of such order.  Ex Parte
Blanchard, 736 S.W.2d 642, 643 (Tex. 1987) (per curiam).  In this case, the officer=s return was incomplete and does not indicate that
Acevedo was personally served with the original show cause citation, and the
notice sent to Acevedo alerting him to the change in the date of the show cause
hearing was sent to him via certified mail, not personal service.  In addition, the show cause notice Adoes not specify the contemptuous acts@ as is required. 
See id.   Show cause notices must advise the alleged
contemnor of the specific acts of contempt and provide notice that criminal
confinement and a criminal penalty will be sought as punishment.  See id.; In re Houston, 92 S.W.3d at
877.  The terse language of the show
cause notice issued in this case accomplished none of these tasks, and
therefore violated the due process rights of Acevedo as the accused party. 

Furthermore, we note that the original order of
contempt assigned a fine of $3,000.  This
was in violation of the contempt statute, which authorizes fines of not more
than $500 or confinement in county jail for not more than six months, or
both.  See Tex. Gov=t Code Ann. ' 21.002(b) (Vernon 2004).  The order was later modified on May 18, 2005,
following Acevedo=s first appeal to this Court, in order to conform to
the statutory limits for contempt fines. 
While a trial court may modify typographical errors in a contempt
judgment while it maintains plenary power, see Ex parte Hogan, 916
S.W.2d 82, 85 (Tex. App.BHouston [1st Dist.] 1996, orig. proceeding), the
trial court may not modify a contempt judgment weeks after the original
judgment has been entered without rehearing the issue.  See In re Houston, 92 S.W.3d at
878 (citing Ex parte Delcourt, 888 S.W.2d 811, 812 (Tex. 1994); Ex
parte Anderson, 900 S.W.2d 333, 335 (Tex. 1995).  Thus, the original order was entered in
violation of the statute while the modified version of the order was entered
too late to satisfy Acevedo=s due process rights.








Therefore, given that the record establishes that
Acevedo was not present at the show cause hearing in which he was sentenced to
a punitive fine and ten days= imprisonment, as well as the various problems with
the service and contents of the contempt judgment, we conclude that the
contempt order signed on March 24, 2005 and amended May 18, 2005 is void as it
deprived Acevedo of liberty without due process of law.  See Ex parte Swate, 922 S.W.2d at
124.  We order Acevedo discharged and
released from the bond he executed pursuant to our May 25, 2005 order.  

 

 

PER CURIAM

 

Do not publish. 
Tex. R. App. P.
47.2(b).  

Memorandum Opinion delivered and filed

this the 22nd day of July, 2005.

 











[1]In the findings of fact filed with
the judgment of contempt, the county court at law judge noted that, AAt 8:55 a.m. on March 24, 2005, Mr.
Acevedo contacted the Court and indicated that he could not appear due to a
conflicting trial setting in Bexar County. 
Mr. Acevedo was informed by the Court that the hearing would be held in
his absence.@ 
However, given that Acevedo was not properly served and may not have
known about the March 24 hearing before calling the court that morning, we do
not consider this phone call to have served as an effective waiver of Acevedo=s right to be present at the
hearing.  Acevedo was pointing out the
impossibility of his being present, not indicating his willingness to
voluntarily absent himself from the proceedings.  Moreover, there was still no affirmative
finding of waiver by the trial court.  See
Ex parte Johnson, 654 S.W.2d at 421.