**Opinion issued April 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00019-CV

———————————

## IN RE CHARLES S. IUPE, JR., Relator

---

### Original Proceeding on Petition for Writ of Habeas Corpus

---

### MEMORANDUM OPINION

Relator, Charles S. Iupe, Jr. has filed a petition for a writ of habeas corpus, challenging the trial court's order holding him in criminal contempt for failure to personally appear at an October 9, 2014 hearing before the court. In one issue, Charles[1] contends that the contempt order is void because it was issued without notice and hearing of the alleged act of contempt. In two additional issues, Charles

---

[1]     For clarity, we refer to the parties by their given names.

contends that the trial court violated his due process rights by (1) signing a contempt order more than two months after the October 9, 2014 hearing and then signing a modified contempt order, and (2) making a legally insufficient finding that Charles was properly served with notice of the October 9, 2014 hearing. We grant the petition for writ of habeas corpus and vacate the order of contempt.

## Background

In October 2012, real party in interest, Michael J. Iupe, filed an application for the permanent guardianship of Charles's person and estate. Michael filed a motion seeking an independent mental examination of Charles and, in April 2014, filed an amended motion. Citing Texas Estates Code 1101.103 and Texas Rule of Civil Procedure 204.1, Michael sought "a complete independent mental examination" of Charles to determine his "capacity as to his person and estate, to assess his care needs, to assess his judgment to medically care for himself, and his judgment and ability to make rational financial decisions." On May 13, 2014, the trial court signed a second amended order appointing Dr. Priscilla Ray to perform an independent mental examination of Charles by or before June 27, 2014, and file a report regarding the evaluation with the trial court. The order directed Charles "to appear for such mental examination" at or before 5:00 p.m. on June 27, 2014.

On August 26, 2014, Michael filed his amended motion for contempt and issuance of a show cause order. Michael asserted that Dr. Ray had not been able to

2

conduct an examination of Charles and all attempts to seek his cooperation in scheduling the mental examination had failed. Michael asked the trial court to order Charles to appear before the court and show cause why he should not be found in contempt for failure to comply with the order for an independent mental examination or issue a writ of attachment "should [Charles] fail to personally appear in Court on the show cause date . . . ."

On September 16, 2014, the trial court signed a "Second Amended Order for Show Cause for Contempt," requiring Charles "to personally appear" before the trial court at 2:30 p.m. on October 9, 2014, "to show cause, if any, why he should not be held in contempt for failure to appear for an independent mental examination as ordered by this Court on May 20, 2014, directing [him] to undergo an independent mental examination to be conducted by Dr. Priscilla Ray, a board certified psychiatrist in this state on or before June 27, 2014." Charles was served with a copy of the show cause order on September 26, 2014.

The trial court held a hearing on October 9, 2014. Charles's attorney-ad-litem attended the hearing; however, the record reflects that Charles did not personally appear. Dr. Ray testified that she had been appointed to examine Charles but she had not met or heard from him and had not examined him. At the end of the hearing, the trial court stated that the parties had "raised some issues,"

3

gave them three weeks to submit briefs, and concluded that he would rule at that time.

On December 18, 2014, the trial court signed a judgment of contempt and order of commitment. The trial court found:

> **CHARLES S. IUPE, JR.** was afforded due and proper notice of these proceedings; and that he was properly served noticed with the Second Amended Order For Show Cause For Contempt in this court on September 26, 2014.
>
> The court further finds that **CHARLES S. IUPE, JR.** is guilty of violating the court's September 16, 2014 order in that he failed to personally appear in this Court on October 9th, 2014 at 2:30 p.m.

The court ordered that Charles was "in contempt of this court for the violation of the Court's September 16, 2014 order in the following particulars: . . . in that **CHARLES S. IUPE, JR**. failed to personally appear in this Court on October 9, 2014 at 2:30 p.m." The trial court ordered Charles confined for thirty consecutive days and fined $500.00. On January 9, 2015, the trial court signed a "Judgment Nunc Pro Tunc-Regarding Judgment of Contempt and Order of Commitment."[2] The trial court found:

> [T]he Second Amended Order For Show Cause For Contempt is in all respects proper and sufficient; that **CHARLES S. IUPE, JR.** was afforded due and proper notice of these proceedings; and that he was properly served noticed with the Second Amended Order For Show Cause For Contempt in this court on September 26, 2014.

---

[2] The trial court signed this order after a writ of commitment had issued and Charles was taken into custody.

The court further finds that **CHARLES S. IUPE, JR.** is guilty of violating the court's September 16, 2014 order in that he failed to personally appear in this Court on October 9ᵗʰ, 2014 at 2:30 p.m.

The trial court ordered that:

**CHARLES S. IUPE, JR.** is in contempt of this court for the violation of the Court's September 16, 2014 order in the following particulars:

**CHARLES S. IUPE, JR.** is guilty of violating the Court's September 16, 2014 order to personally appear in this Court on October 9, 2014 at 2:30 p.m. in that **CHARLES S. IUPE, JR.** failed to personally appear in this Court on October 9, 2014 at 2:30 p.m.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this court that the following punishment is imposed on **CHARLES S. IUPE[,] JR[.]** for this act of contempt:

Because on October 9, 2014 **CHARLES S. IUPE JR.** violated the Court's September 16, 2014 order to personally appear in this Court on October 9, 2014 at 2:30 p.m. in that **CHARLE S. IUPE JR.** failed to personally appear in this Court on October 9, 2014 at 2:30 p.m., **CHARLES S. IUPE JR.** is to be confined to the Harris County Jail for a period of 30 consecutive days and that **CHARLES S. IUPE JR.** shall be fined $500.00.

IT IS FURTHUR ORDERED, ADJUDGED AND DECREED by this court that **CHARLES S. IUPE JR.** remain confined for a period of 30 consecutive days and that **CHARLES S. IUPE JR.** is fined $500.00 to be paid to Stan Stanart, Harris County Clerk, Indigent Bond Program, Registry No. 28190, at 201 Caroline, 8th Floor, Room 800, Houston, Texas 77002.

The trial court clerk issued a writ of commitment on December 18, 2014, and

Charles was taken into custody on January 7, 2015.

5

## Standard of Review

Texas courts of appeals have very limited jurisdiction over habeas corpus proceedings. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). The purpose of a habeas corpus proceeding is not to determine a relator's ultimate guilt or innocence, but to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *In re Munks*, 263 S.W.3d 270, 272 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding). A writ of habeas corpus will issue if a trial court's contempt order is void because the court was without the power to issue the order or the relator was not afforded due process. *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005). On review, we do not weigh the proof and determine whether it preponderates for or against the relator; we determine only whether the contempt order is void. *Ex parte Chambers*, 898 S.W.2d 257, 259–60 (Tex. 1995); *see Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996) (contempt order is void if it deprives applicant of liberty without due process of law). The relator has the burden to show that a contempt order is void and not merely voidable. *In re Munks*, 263 S.W.3d at 272–73. Until the relator has discharged his burden of showing his entitlement to relief, the contempt order is presumed valid. *In re Parr*, 199 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

## Discussion

By his first issue, Charles contends that the contempt order is void because the trial court found him in contempt for failure to appear at the October 9, 2014 hearing without notice and an opportunity to be heard. Michael responds that Charles "had been afforded notice on numerous occasions" and the amended motion for show cause provided "notice that a writ may attach for either not undergoing the medical examination or not appearing in court to show cause why he should not submit to a mental examination." Michael asserts that the contempt order was the "least restrictive alternative" that allowed Charles "to comply by coming forward and explaining himself rather than holding him in contempt for not appearing for a medical examination."

"Contempt proceedings are quasi-criminal in nature, and the contemnor is entitled to procedural due process throughout the proceedings." *Ex parte Davis*, 305 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (citing *Ex parte Adell*, 769 S.W.2d 521, 522 (Tex. 1989)). The amount of due process afforded depends on the type of contempt being charged—constructive or direct contempt. Disobedience or disrespect of a court that occurs in the court's presence is direct contempt. *See In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011) (citing *Ex parte Gordon*, 584 S.W.2d at 689). In a direct contempt case, the court must have direct knowledge of the behavior constituting contempt and, in some

instances, may conduct a summary proceeding without providing the alleged contemnor with notice and a hearing. *In re Reece*, 341 S.W.3d at 365 & n.5 (citing *In re Bell*, 894 S.W.2d 119, 127 (Tex. Spec. Ct. Rev. 1995)). Constructive contempt is contempt that occurs outside of the court's presence. *Id.* at 365. Constructive contemnors are afforded more procedural safeguards, including notice, a hearing to defend or explain the charges, and the opportunity to obtain an attorney. *See In re Krueger*, No. 03-12-00838-CV, 2013 WL 2157765, at *4 (Tex. App.—Austin May 16, 2013, orig. proceeding) (mem. op.) (citing *Ex parte Krupps*, 712 S.W.2d 144, 147 (Tex. Crim. App. 1986); *Ex parte Werblud*, 536 S.W.2d 542, 546 (Tex. 1976) (orig. proceeding)).

For constructive contempt, due process requires "'full and complete notification' of the charges alleged with a reasonable opportunity to meet the charges by defense or explanation." *In re Houston*, 92 S.W.3d 870, 876 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (quoting *Ex parte Gordon*, 584 S.W.2d at 688); *see also Ex parte Johnson*, 654 S.W.2d 415, 422 (Tex. 1983) (holding court should not try charges of criminal constructive contempt in alleged contemnor's absence). "[A] constructive contemnor is always entitled to notice and a hearing in order to defend or explain the charges." *In re Reece*, 341 S.W.3d at 365 (citing *Ex parte Gordon*, 584 S.W.2d at 688; *Ex parte Werblud*, 536 S.W.2d at 546). A contempt order rendered without such adequate notification is void. *Ex*

*parte Adell*, 769 S.W.2d at 522; *see In re Houston*, 92 S.W.3d at 876 (stating, without reasonable notice of each alleged contumacious act, contempt judgment is void).

The contempt at issue here—a failure to personally appear at the October 9, 2014 hearing—is constructive contempt. *See Ex parte Alloju*, 907 S.W.2d 486, 487 (Tex. 1995) (citing *Ex parte Gordon*, 584 S.W.2d at 688; *Ex parte Cooper*, 657 S.W.2d 435, 437 (Tex. Crim. App. 1983)) ("Constructive contempt is a violation of a court order outside the presence of the court, including failure to appear for a hearing."); *In re Elmakiss*, No. 12-10-00219-CV, 2012 WL 4497997, at *3 (Tex. App.—Tyler Sept. 28, 2012, orig. proceeding) (mem. op.) (characterizing relator's failure to appear at hearing as constructive contempt). Accordingly, Charles was entitled to notice of each act alleged to constitute contempt and "a hearing in order to defend or explain the charges." *In re Reece*, 341 S.W.3d at 365. The record does not reflect that Charles received notice of, and had an opportunity to be heard on, a charge of contempt for failure to attend the October 9, 2014 hearing. The alleged act of contempt of which Charles had notice was a "failure to appear for an independent mental examination as ordered by the Court on May 20, 2014 . . . ." The trial court, however, did not find Charles in contempt for failure to appear for an independent mental examination. Rather, the trial court found him in contempt for failure to appear at the October 9, 2014 hearing.

Michael does not appear to dispute that a failure to appear at a hearing constitutes constructive contempt or that notice and an opportunity to be heard were required. He contends that his amended motion for show cause provided notice to Charles that a writ might "attach for either not undergoing the medical examination or not appearing in court to show cause why he should not submit to mental examination." However, Michael's requested relief in his motion was not notice of an alleged act of contempt for failure to appear at the October 9, 2014 hearing. By his motion, Michael asserted:

> If [Charles] does not appear for the Show Cause, he should be taken into custody pursuant to a writ of attachment, and held until such time as he can appear before this Court and either have Dr. Ray examine him in the Courtroom in an attorney conference room, or until such examination has been arranged and a penalty of being attached again is assessed as a condition of [Charles's] release.

Michael requested issuance of a writ of attachment to compel Charles's attendance at a show cause hearing to have Dr. Ray examine him or "until such examination has been arranged and a penalty of being attached again is assessed as a condition of [Charles's] release." *See Ex parte Johnson*, 654 S.W.2d at 422 (stating appropriate procedure when alleged contemnor fails to appear at hearing on motion for contempt is to issue bench warrant, capias, or writ of attachment to compel attendance); *Ex parte Crawford*, 684 S.W.2d 124, 127 (Tex. App.—Houston [14th Dist.] 1984, orig. proceeding) (citing *Ex parte Johnson*, 654 S.W.2d at 422) (noting trial court was correct in issuing the writs of attachment and delaying

10

hearing until alleged contemnor was present). The trial court signed a show cause order that directed Charles to appear on October 9, 2014 to show cause why he should not be held in contempt for failure to appear for an independent mental examination. Neither that order nor Michael's amended motion provides notice of an alleged act of contempt for failure to appear at the October 9, 2014 hearing.

Michael also suggests that the contempt judgment is not void because it "allows [Charles] to comply by coming forward and explaining himself rather than holding him in contempt for not appearing for a medical examination." This assertion ignores the contempt judgment's language, which orders Charles confined for a period of thirty consecutive days. This order is criminal in nature in that the sentence is not conditioned upon a promise of future performance. *See In re R.E.D.*, 278 S.W.3d 850, 855 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (citing *Ex parte Werblud*, 536 S.W.2d at 545). The contempt order does not include any provision for civil or coercive contempt by which Charles was committed until he performed an affirmative act required by the court's order. *See In re Mott*, 137 S.W.3d 870, 874 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (citing *Ex parte Johns*, 807 S.W.2d 768, 770 (Tex. App.—Dallas 1991, orig. proceeding)). Charles cannot purge himself of contempt and obtain his release "by coming forward and explaining himself" as Michael contends. We sustain Charles's first issue.

11

## Conclusion

Because we sustain Charles's first issue, we need not address his second and third issues.[3] We grant Charles's petition for a writ of habeas corpus, and vacate the trial court's orders, signed on December 18, 2014, and January 9, 2015, holding him in contempt and ordering that he be confined, and the writ of commitment issued on December 18, 2014. We further order him discharged from custody and released from the bond set by this Court on January 12, 2015.


Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

---

[3] Michael also contends that contempt must "attach for failure to appear for a mental examination in a guardianship proceeding." We do not address Michael's arguments because the trial court order at issue does not find Charles in contempt for failure to comply with the trial court's order for an independent mental examination.