Ex parte Manohar **ALLOJU,** Relator.

No. 95–0306.

Supreme Court of Texas.

June 8, 1995.

---

Jerome K. Wade, Houston, for relator.

Cheryle R. Johnston, Houston, for Townewest Homeowners Association, Inc.

PER CURIAM.

The dispositive question in this habeas corpus proceeding is whether a person may be held to be in contempt of court *in absentia* if the sanction imposed is coercive only and not punitive. We answer no.

Townewest Homeowners Association obtained a judgment from the justice court against Manohar Alloju for unpaid maintenance fees, prejudgment interest, and attorney fees. When Alloju failed to respond to post-judgment interrogatories, THA obtained an order compelling him to answer them within ten days and to pay THA $350 attorney fees. Alloju received a copy of the order but did not comply with it. THA then moved for contempt. The justice court issued a show cause order commanding Alloju to appear before the court at a specific time. The order was served on Alloju several days before the appearance date. Alloju's attorney asked THA's attorney to agree to postpone the hearing and, five days later, filed suit in district court to enjoin the show cause hearing. The district court denied that relief the day of the contempt hearing.

Neither Alloju nor his attorney appeared at the contempt hearing, and the justice court's contempt judgment recites this fact. The justice court nevertheless proceeded in Alloju's absence to consider THA's motion, and found Alloju in contempt for failing to answer the post-judgment interrogatories, pay the $350 attorney fees, and appear at the contempt hearing. The contempt judgment does not assess any fine or commitment as a punitive sentence. It prescribes coercive confinement only, ordering Alloju jailed until he purges his contempt by answering the interrogatories fully and completely. On Alloju's petition for writ of habeas corpus, the court of appeals initially released Alloju on bond, but later denied the writ, revoked his bond, and ordered him remanded to the custody of the sheriff. 894 S.W.2d 85. On his petition to us, we ordered him released on bond. 38 Tex.Sup.Ct.J. 406 (Mar. 29, 1995).

In *Ex parte Johnson*, 654 S.W.2d 415, 422 (Tex.1983), we held that a court should not try charges of criminal, constructive contempt in the alleged contemnor's absence, but should instead issue a capias or writ of attachment to bring the alleged contemnor before the court. Constructive contempt is a violation of a court order outside the presence of the court, including failure to appear for a hearing. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex.1979) (general rule stated); *Ex parte Cooper*, 657 S.W.2d 435, 437 (Tex.Crim.App.1983) (failure to appear in court). Although the contempt judgment in *Johnson* assessed only punitive incarceration, and the contempt judgment in this case assessed only coercive incarceration, we conclude that *Johnson* sets out a clear guideline that should be equally applicable in both contexts. The justice court could have punished Alloju for refusing to comply with its order but simply chose not to. Inasmuch as Alloju was at risk of both punitive as well as coercive sanctions, we conclude that the justice court should not have proceeded on the contempt charges in Alloju's absence without a waiver of his right to be present.

Accordingly, a majority of the Court, without hearing oral argument, grants the writ of habeas corpus and orders relator discharged and his bond released. Tex.R.App.P. 122.