### In re Donnell LANE.

No. 09–98–334 CV.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 17, 1998.

Decided Aug. 20, 1998.

Ronnie J. Cohee, Beaumont, for relator.

Tom Maness, Crim. Dist. Atty., Patrick W. Knauth, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

This is an original proceeding for writ of habeas corpus arising from a judgment holding Donnell Lane in contempt of a protective order. The motion for contempt filed by the State of Texas alleged the relator contacted Nellyn Lane in violation of a protective order issued by the 317th District Court of Jefferson County, Texas. Donnell Lane failed to appear at the contempt hearing. The trial court tried Lane *in absentia*, found Lane in contempt, and sentenced him to six months of confinement in the Jefferson County Jail. Relator has been in custody since July 13, 1998. Relator filed his writ on August 12, 1998. On August 13, 1998, we ordered him released on bond.

It is well settled that a person may not be held to be in contempt of court *in absentia*. *Ex parte Alloju*, 907 S.W.2d 486, 487 (Tex. 1995); *Ex parte Johnson*, 654 S.W.2d 415, 422 (Tex.1983). If the respondent fails to appear at the hearing, the trial court may issue a capias or writ of attachment, but it may not conduct a trial outside of the presence of the accused. *Id.*

The State concedes the writ must be granted, but for some unfathomable reason waited until Lane had been illegally confined for more than one month before acknowledging the violation of Lane's constitutional rights to confrontation and due process.

Without hearing oral argument, we grant the writ of habeas corpus and order relator discharged and his bond in this cause released. TEX.R.APP. P. 52.8(c).

WRIT GRANTED.