**RECEIVED**

SEP 2 2015

DENISE PACHECO, CLERK
EIGHTH COURT OF APPEALS

08 - 15 - 00132 - CV

CAUSE NO. 08-15-00132-CV

EIGHTH COURT OF APPEAL

## AT EL PASO COUNTY
## 500 EAST SAN ANTONIO, SUITE 1203
## EL PASO, TEXAS 79901-2421

Monte Ruben Swanzy
Appellant, In Proper Propria Persona

vs.

RICHARDSON INDEPENDENT SCHOOL DISTRICT, et. al.
APPELLEES'

FILED IN
COURT OF APPEALS

SEP 02 2015

DENISE PACHECO
CLERK 8th DISTRICT

APPEAL FROM THE 192ND DISTRICT COURT
TAX COURT
DALLAS COUNTY
DALLAS, TEXAS
TX-12-40611

## APPELLANT REPLY BRIEF

**Monte Ruben Swanzy,** Appellant
In Proper Propria Persona
**9423 Clearhurst Drive**
**Dallas, Texas 75238**
**Phone Number (469) 540-0908**
**pastormonte@sbcglobal.net**

# TABLE OF CONTENTS

                                                                          **Page**

CASE STYLE ............................................................. i

INDEX OF AUTHORITIES..................................... ii

STATEMENT OF THE CASE.................................... iv

ISSUES PRESENTED FOR REVIEW........................ 1

STATEMENT OF FACTS........................................ 1

ISSUES 1 THROUGH 5 ARGUMENTS..................... 4

ISSUES 5 THROUGH 10 ARGUMENTS................... 5

CONCLUSION AND PRAYER................................. 7

CERTIFICATE OF SERVICE................................. 8

APPELLANT'S REPLY BRIEF APPENDIX................ 9

CERTIFICATE OF COMPLIANCE.......................... 10

# INDEX OF AUTHORITIES

## CASES

*Alfonso v. Skadden,* 251 S.W.3d 52, 55 (Tex.2008)(per curiam)......... 4

*Brown v. Texas,* 443 US 47................................... 4

*Christian v. State,* 865 S.W.2d 198, 201
(Tex.App.-Dallas 1993, pet.ref'd)............................ 5

*Commander v. Bryan, 123 S.W.2d 1008, (Tex.Civ.App.,*
*Fort Worth, 1938, n.w.h.); 34 Tex.Jur., Sec. 262, page 177*............. 6

*El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192,*

194 (Tex.App.--Houston [14th Dist.] 1994, no writ)..................... 6

*Evans v. C. Woods, Inc.*, No. 12-99-00153-CV, 1999 WL 787399
*1 (Tex.App.--Tyler Aug. 30, 1999, no pet.h.)........................... 6

*Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex.Crim.App. 2001)............ 5

*Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990)............... 5

*Maury v. Turner*, 244 S.W. 809, (Tex.Com.App., 1922)................ 6

*OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.*,
234 S.W.3d 726, 735 (Tex.App.-Dallas 2007, pet.denied)............... 4

*State ex rel. Latty*, 907 S.W.2d, 486......................................... 4,5

*The Texas Taxpayer & Student Fairness Coalition, et al., Calhoun
County ISD, et al., Edgewood ISD, et al., Fort Bend ISD, et al.,
Texas Charter School Association, et al.; Joyce Coleman, et al.,
Intervenors; Michael Williams, Commissioner of Education, in
His Official Capacity; Susan Combs, Texas Comptroller of Public
Accounts, in Her Official Capacity; Texas State Board of Education...* 2

*Univ. of Tex. Sw.MedCtr. at Dallas v. Loutzenhiser*,
140 S.W.3d 351, 358 (Tex.2004)........................................... 4

*West Orange-Cove Cons. I.S.D. v. Neely*, 176 S.W.3d 746, 751
(Tex. 2005) ["*WOC 11*"] (quoting *Carrollton-Farmers
Branch I.S.D. v.Edgewood I.S.D.* 826 S.W.2d 489, 502
(Tex. 1992)) ["*Edgewood III*"]............................................. 1

**STATUTES**

Texas Rules of Appellant Procedure 38.6(c)............................... iv

Texas Tax Code §33.41...................................................... 3

Texas Tax Code §33.43...................................................... 3

Texas Constitution Article VIII, Section 1(e)............................. 1

# APPELLANT REPLY TO BRIEF OF APPELLEE'S, RICHARDSON ISD AND DALLAS COUNTY, ET. AL.

## TO THE JUDGE OF EIGHTH COURT OF APPEALS:

Appellant, Monte Ruben Swanzy, (Swanzy/Appellant) in the above styled and numbered appeal, files this Reply Brief pursuant to TRAP *r* 38.6(c), and would further show the Court the following:

## STATEMENT OF THE CASE

Swanzy is without counsel, and is not a lawyer and appears before the Honorable 8th Court of Appeals, a man, In Proper Propria Persona and specifically rebuts any reference to appearing pro se.

In compliance with the Texas Rule of Appellate Procedure Swanzy seeks this civil suit appeal from the 192nd Judicial District, Tax Court, Dallas, Texas for a Void Order of Sale (CIR.No. -63, at Appellate Record TX-14-40120), on February 18th, 2015, based upon Void Judgment, issued on February 4th, 2014, (Clerk's Index Record (CIR.No.-49). Original Petitioners, Richardson Independent School District (RISD), (CIR.No.-5), and Interveners, Dallas County Tax Office (DCTO), lack standing in the case before the trial Court, rendering a void Final Judgment and all orders a nullity. On February 16th, 2015, after non-suite in Cause TX-12-40611, on January 15th, 2015, Appellee's counsel, Elizabeth Calvo, without standing or subject-matter jurisdiction continued to enter upon the record a request for Order of Sale, (CIR.No. -62, at Appellate Record TX-14-40120), in Cause

TX-12-40611. Trial Court Judge, M. Kent Sims (Judge Sims), abused discretion and/or erred; without subject-matter jurisdiction issued the trial Court's Order of Sale in this cause, based on a void Final Judgment.

PRESENTED FOR REVIEW ISSUES 1 THROUGH 10 (RESTATED)

Appellant restates issues 1 through 10, with Appendixes presented in Appellant's Original Brief currently before this Court.

## STATEMENT OF FACTS

Appellant reaffirms the Statement of Facts and Appellant's Original Brief with Appendixes currently before this Court. Appellant's Appeal Brief with Appendixes is unopposed and un-rebutted by Appellees'. Appellant rebuts Appellee's Statement of Facts and response Brief of Appellees' that is groundless, frivolous, and wholly without merit. Appellees' has no standing in the trial Court to bring the suit against Appellants' private property as local *ad valorem* taxation is in violation of Texas Constitution Article VIII, §1(e): "**No State ad valorem taxes shall be levied upon any property within this State.**" "An ad valorem tax is a state tax when it is imposed directly by the state or when the State so completely controls the levy, assessment and disbursement of revenue, either directly or indirectly, that the authority employed is without meaningful discretion." *See West Orange-Cove Cons. I.S.D. v. Neely,* 176 S.W.3d 746, 751 (Tex. 2005) ["*WOC 11*"] (quoting *Carrollton-Farmers Branch I.S.D. v. Edgewood I.S.D.* 826 S.W.2d 489,

502 (Tex. 1992)) ["*Edgewood III*"]. The evidence clearly establishes that local districts do not have meaningful discretion in the levy, assessment, and disbursement of property taxes; therefore, the Texas school finance system imposes an unconstitutional state property tax. *See The Texas Taxpayer & Student Fairness Coalition, et al., Calhoun County ISD, et al., Edgewood ISD, et al., Fort Bend ISD, et al., Texas Charter School Association, et al.; Joyce Coleman, et al., Intervenors; Michael Williams, Commissioner of Education, in His Official Capacity; Susan Combs, Texas Comptroller of Public Accounts, in Her Official Capacity; Texas State Board of Education.* (Cause D-1-GN-11-003130). *See* also letter from former Governor of Texas the late Honorable, Ann Richards, (Appx. No.1). Therefore, Appellees' failed to state claim for which relief can be granted.

The question begs that since it has been ruled by Texas Courts that the State of Texas has no subject-matter Jurisdiction to levy the unconstitutional *ad valorem* tax, by what authority and jurisdiction does the State of Texas have to assign any political subdivision of the State of Texas the authority to levy, assess, or collect the unconstitutional ad valorem tax claimed by Petitioners, RISD and Intervenors, Dallas County?

Swanzy objects to Appellees' claim of Swanzy as Defendant in Cause TX-12-40611; Swanzy is the Creditor before the trail Court, and Appellees' are the Debtors. Swanzy objects to subject property's tax situs as being a "taxable event in

commerce" originating from the appraisal of Dallas County Appraisal District (DCAD). No evidence or Affidavit by a competent fact witness (the maker of the record) subject to cross-examination in support of Appellees' claim has been submitted by any taxing authority to validate Appellees' claim upon Swanzy's subject private property.

Appellant denies that spouse, Patricia Conley Swanzy, (living in Texas), is or has ever been the trustee of F.R. Swanzy Revocable Living Trust, and Appellees' have failed to proffer any evidence to validate the allegation. Appellant objects that Appellant and spouse Patricia Swanzy has an "interest" in subject property. Appellant and Patricia Swanzy has ownership of the private property at issue. Appellant concedes that Richardson ISD and Dallas County is a political subdivision of the State of Texas. The petition filed by Appellees' pursuant to §33.41 or §33.43 of the Texas Tax Code, Texas Constitution, or the Education Code, is groundless and a frivolous filing that lacks standing before the trial court, and fails to establish subject-matter jurisdiction pertaining to the private property of Appellant. The Texas Constitution does not authorize powers of lien, assessment, levy or recovery for taxation of private property for ad valorem taxation. Appellant private property is not real estate, real property, commercial property, residential property or a "taxable event in commerce" the subject of the

"ad valorem" taxation. The remainder of Appellees' allegations of alleged Statement of Facts and Summary of Argument, Appellant objects to as irrelevant.

**APPELLANT REPLY TO APPELLEE'S RESPONSE ISSUES 1 THROUGH 5**

Appellant reaffirms un-rebutted jurisdictional challenge Arguments 1 through 5 in Appellant's Appeal Brief with attached Appendixes. On January 15, 2015, Appellees RISD allege to have non-suited their claim in Cause TX-12-40611, against Appellant and further allege to not be a proper party to this Appeal, because of the non-suit. Yet, on February 16, 2015, after the January 15, 2015, non-suit, without standing or subject-matter jurisdiction before the trail Court, Appellee's counselor Elizabeth Calvo, submitted an After Judgment Request Form for Order of Sale in Cause TX-12-40611, (*See* CIR.No.-62, at Appellate Record in Cause No. TX-14-40120), *See Brown v. Texas,* 443 US 47. Appellees' lack standing and failed to establish subject-matter jurisdiction, *See Alfonso v. Skadden,* 251 S.W.3d 52, 55 (Tex.2008)(per curiam); *OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.,* 234 S.W.3d 726, 735 (Tex.App.-Dallas 2007, pet.denied). *Univ. of Tex. Sw.MedCtr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex.2004), in the trial Court, and in favor of Intervenors Dallas County, et. al., the Court rendered a void Judgment, therefore all orders that followed are a nullity. In *State ex rel. Latty,* 907 S.W.2d, 486, the appellate court may declare void any orders the trial court signed after it lost plenary power over the case. In this case

the trial Court never had standing or subject-matter jurisdiction, therefore, failed to state a claim for which relief can be granted.

Appellant is the owner of the private property with supreme title as opposed to having a mere "interest" in real estate.

Appellee's Arguments and Authorities in Brief of Appellees' have failed to rebut Appellant's claims, are wholly without merit and have failed to state a claim for which relief can be granted. Appellant denies Appellees' arguments in their entirety.

## APPELLANT REPLY TO APPELLEE'S RESPONSE ISSUES 5 THROUGH 10

Appellant reaffirms un-rebutted jurisdictional challenge Arguments 5 through 10, in Appellant's Appeal Brief with attached Appendixes. Appellees' have failed to state a claim for which relief can be granted. Appellee's Cause TX-12-40611, is a frivolous filing that fails to establish standing before the trial Court or subject-matter jurisdiction against Appellants private property. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990). *Also see Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex.Crim.App. 2001). *Christian v. State*, 865 S.W.2d 198, 201 (Tex.App.-Dallas 1993, pet.ref'd). **When appeal is taken from a void judgment, the appellate court must declare the judgment void. Because the appellate court may not address the merits, it must set aside the trial court's judgment and dismiss the**

**appeal. A void judgment may be attacked at any time by a person whose rights are affected.** *El-Kareh v. Texas Alcoholic Beverage Comm'n*, 874 S.W.2d 192, 194 (Tex.App.--Houston [14th Dist.] 1994, no writ); *Evans v. C. Woods, Inc.*, No. 12-99-00153-CV, 1999 WL 787399, *1 (Tex.App.--Tyler Aug. 30, 1999, no pet.h.). **A void judgment has been termed mere waste paper, an absolute nullity; and all acts performed under it are also nullities.** Again, it has been said to be in law no judgment at all, having no force or effect, conferring no rights, and binding nobody. It is good nowhere and bad everywhere, and neither lapse of time nor judicial action can impart validity. *Commander v. Bryan*, 123 S.W.2d 1008, (Tex.Civ.App., Fort Worth, 1938, n.w.h.); 34 Tex.Jur., Sec. 262, page 177; *Maury v. Turner*, 244 S.W. 809, (Tex.Com.App., 1922). The Brief of Appellee's has failed to rebut Appellant's Arguments 5 through 10, therefore, Appellees' Arguments and Authorities failed in whole to rebut the merits of Appellant's Appeal Brief Arguments 1 through 10, on appeal before this Court and therefore, is mute and irrelevant to the jurisdictional issues raised by Appellant.

This Court must render Judgment in favor of Appellant to vacate the trial Court's void Judgment and all orders derived upon the void Final Abstract Judgment, with prejudice.

## CONCLUSION AND PRAYER

For the reasons stated, it is respectively requested that this Appellate Court vacate the trial Court's void Judgment, and the April 23, 2014, Abstract Judgment, order Appellee's case dismissed with prejudice and order the release of all liens upon Swanzy's property and further issue an order for Appellant's property to be remove from the Dallas County Appraisal District's tax rolls.

Respectfully Submitted,

Monte Ruben Swanzy, In Propria Persona,
Appellant
In care of: 9423 Clearhurst Drive
Dallas, Texas [near 75238]
Phone (469) 540-0908
pastormonte@sbcglobal.net

# CERTIFICATE OF SERVICE

Monte Ruben Swanzy, hereby certify pursuant to Texas Rules of Civil Procedure r 21(a) that a true and correct copy of the foregoing Appellant Brief has been duly executed on this the 31st Day of August, 2015, which has been forwarded via U.S. Postal Service First Class Certified Mail, a true and correct copy of the above and foregoing to counsel of record for the parties Appellees listed at the address of record for counsel as follows:

Richardson Independent School District,
Kay Waggoner, Elizabeth Bando Calvo, (24012238),
Ashley Steele Atkins, (24072364)
PURDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.,
500 E. Border, Suite 640
ARLINGTON, TEXAS 76094-0430
CM # 7012 3460 0002 8080 7606
U.S. Postal Service First Class Mail

Kay Waggoner
970 Security Row
Richardson, Texas 75081

ADESOLA ADEYEMI
P. O. BOX 832130
RICHARDSON, TEXAS 75083

John R. Ames
c/o Dallas County Tax Office
500 Elm Street
Dallas, Texas 75202

**John R. Ames CTA, Bridget Moreno Lopez State Bar No. 24012989, Pamela Pope Johnson State Bar No. 10819850, Edward Lopez, Jr State Bar No. 12563520, Evelyn Conner Hicks State Bar No. 09575900, Brandon E. Lane State Bar No. 24039007, A. Judith Guzman State Bar No. 24025972, Isaac Faz State Bar No. 24069704, Mark S. Harris State Bar No. 24050723.**
LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207
CM # 7012 3460 0002 8080 7415
U.S. Postal Service First Class Mail

Monte Ruben Swanzy, In Propria Persona
In care of: 9423 Clearhurst Drive
Dallas, Texas [near 75238]
Phone 469-540-0908
pastormonte@sbcglobal.net

## APPELLANT'S REPLY BRIEF APPENDIX

**LIST OF APPELLANT'S APPENDIX DOCUMENTS** **Tab**

Letter from former Governor of Texas, Ann W. Richards................ 1

CAUSE NO. 08-15-00132-CV

At the 8th Court of Appeals El Paso Texas

Monte Ruben Swanzy, et. al.,           §
In Proper Propria Persona,             §     AT THE 8TH APPEALS
                                       §     COURT
        Appellants,                    §
                                       §     AT AND FOR
VS.                                    §
                                       §     EL PASO COUNTY, TEXAS
RICHARDSON INDEPENDENT                 §
SCHOOL DISTRICT, ET AL,                §
                                       §
        Appellees'.                    §

## CERTIFICATE OF COMPLIANCE

Appellant, Monte Ruben Swanzy, does hereby certify that the Appellant's

Reply Brief is in compliance with a total of 1,348 computer-generated words,

pursuant to the Texas Civil Rules of Appellate Procedure *r* 9.4 – Form, (i)(2)(B): A

brief and response in an appellate court (other than a brief under subparagraph (A))

and a petition and response in an original proceeding in the court of appeals:

15,000 words if computer-generated, and 50 pages if not. In a civil case in the

court of appeals, the aggregate of all briefs filed by a party must not exceed 27,000

words if computer-generated, and 90 pages if not.

I declare under the penalty of perjury under laws of the United State of America

that the statements made on this Appellant's Certificate of Compliance are to the

best of my knowledge and belief are true and correct.

_____
Monte Ruben Swanzy

# TAB 1

# APPELLANT REPLY APPENDIX

FROM : Panasonic FAX SYSTEM          PHONE NO. : 8172926652          Mar. 23 1998 09:3

RECEIVED

DEC 6 4 1995

BY: CLA

**ORIGINAL**



STATE OF TEXAS
OFFICE OF THE GOVERNOR
AUSTIN, TEXAS 78711

ANN W. RICHARDS
GOVERNOR

September 10, 1992

Dear

Thank you for your letter regarding school finance. I appreciate your concerns.

We have a pressing need in Texas to find a concrete solution to the question of financing our public education system.

As you may know, on January 30, 1992 the Texas Supreme Court ruled SB 351 unconstitutional, saying that the "County Education Districts" (CEDs) do not have the power to collect property taxes. The Court has given the state of Texas two years to design a new system for funding public education. According to the ruling of the Court, the CEDs will be able to collect taxes in the 1991 and 1992 tax years, thus allowing the districts to operate until a new plan can be devised. In this ruling, the court stated that the collection of the CED tax must continue in order to guarantee that the districts are able to provide a quality education for our students.

I am still considering the possibility of a special session to resolve the problem of public school financing, if the legislature is able to agree upon a compromise. I have made a proposal in my "Good School Plan" to resolve the funding problem, but I have not ruled out any possible solutions and my staff and I are working closely with interested parties to try to find a satisfactory resolution.

Your opinions are beneficial, and I appreciate your sharing them with me.

I appreciate your efforts toward an improved system of education in our state. Thank you again for writing.

Sincerely,

ANN W. RICHARDS
Governor