**Opinion filed April 20, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00322-CV

_____

## IN RE NEAL LOEPPKY

**Original Habeas Corpus Proceeding**

### MEMORANDUM OPINION

This is an original habeas corpus proceeding. *See* TEX. R. APP. P. 52; *see also* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). Relator, Neal Loeppky, seeks relief from a contempt order that was issued by the Hon. Carter T. Schildknecht to enforce a provision contained in a divorce decree. In the petition, Relator presents three issues and asks that this court declare the trial court's contempt order to be void. We grant habeas corpus relief.

### Background Facts

Relator and the real party in interest, Elizabeth Klassen Loeppky, divorced in 2013. The trial court conducted a bench trial and subsequently entered a final decree

of divorce in which the court endeavored to divide the marital estate in a just and right manner. Relator was awarded the couple's real property. Elizabeth was awarded the following:

> IT IS ORDERED that within a reasonable time, ELIZABETH KLASSEN LOEPPKY shall select a Gaines County residence and property equivalent to the prior marital home with a fair market value of approximately $175,000.00 or less, as selected by ELIZABETH KLASSEN LOEPPKY. Upon ELIZABETH KLASSEN LOEPPKY providing information required for the purchase of said property to NEAL LOEPPKY, NEAL LOEPPKY shall take the steps necessary to complete the purchase of the home and property whether by cash, mortgage, or other financing within a reasonable time. Notwithstanding NEAL LOEPPKY's duty to purchase, secure financing and/or mortgage, or whether NEAL LOEPPKY is named on title to the residence and/or property for purposes of completing the purchase, the Gaines County home and property shall be the sole and separate property of ELIZABETH KLASSEN LOEPPKY for her exclusive use, benefit, management, and control.

> IT IS ORDERED that NEAL LOEPPKY shall purchase the above said residence so long as it is appropriate and meets the requirements as listed above.

After Elizabeth found a residence that met the requirements of the divorce decree and signed a contract on the residence, Relator failed to purchase the residence. Elizabeth subsequently filed a petition for enforcement of the property division by contempt. Relator was served with a citation and given notice of the hearing. Relator failed to appear, and a hearing was conducted in his absence. At the end of the hearing, the trial court held Relator in contempt for his failure to comply with the above-quoted provision of the divorce decree. The trial court ordered that Relator be confined in the Gaines County jail for a period not to exceed eighteen months or until he has posted a cash bond of $175,000 to be remitted to Elizabeth. We note that Relator has not been jailed as a result of the contempt order

and that we previously entered an order in which we set a reasonable bond pending the outcome of this habeas corpus proceeding. *See* TEX. R. APP. P. 52.8(b)(3).

*Analysis*

Relator contends that the contempt order is void because it was issued in violation of his right to due process; he presents the following three reasons: (1) he was tried in absentia; (2) the provision in the divorce decree lacked sufficient specificity to be enforceable; and (3) the evidence at the hearing failed to show that he violated the divorce decree. We find Relator's first contention to have merit and, therefore, do not reach the second and third contentions.

A trial court may not hold a person in contempt of court in absentia, regardless of whether the sanction imposed is coercive or punitive. *Ex parte Alloju*, 907 S.W.2d 486, 487 (Tex. 1995). Rather than proceeding with a contempt hearing in an alleged contemnor's absence, the trial court should issue a capias or writ of attachment to bring the alleged contemnor before the court. *Id.*; *Ex parte Johnson*, 654 S.W.2d 415, 422 (Tex. 1983). In the present case, Relator did not appear at the contempt hearing, nor was he represented at the hearing by an attorney. Additionally, nothing in the record indicates that Relator waived his right to be present. Because Relator was held in contempt in absentia, his right to due process was violated; therefore, the contempt order cannot stand. *Johnson*, 654 S.W.2d at 422; *see Alloju*, 907 S.W.2d at 487.[1]

---

[1]We note that Relator did not urge in his petition that the contempt order was void because it ordered him to be confined for a debt. However, because we have granted relief for the sole reason that Relator was held in contempt in absentia, we direct the parties' attention to *In re Henry*, 154 S.W.3d 594, 596–98 (Tex. 2005), in which the supreme court held that a divorce-decree obligation to pay a debt was not enforceable by confinement for contempt.

*This Court's Ruling*

Accordingly, we grant Relator's petition for writ of habeas corpus, order that Relator be released from the bond set by this court on November 1, 2016, and order that Relator be discharged from custody or the threat of custody based upon the underlying contempt order. *See* TEX. R. APP. P. 52.8(c); GOV'T § 22.221(d).

JOHN M. BAILEY

JUSTICE

April 20, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.