**GRANT; and Opinion Filed December 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00937-CV

### IN RE JOSEPH STROFFOLINO, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-00125-2018**

# MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Boatright

The underlying litigation involves a contract dispute between two healthcare companies, THM and HealthSpring Life & Health Insurance Company, Inc. ("HealthSpring"). Relator Joseph Stroffolino is a corporate officer of THM. On August 13, 2018, Stroffolino was arrested pursuant to a March 23, 2018 Capias in which the trial court found Stroffolino in contempt for failing to comply with a prior temporary restraining order and prior injunction ordering production of certain documents and for failure to appear at the show cause hearing. In this original proceeding, relator seeks a writ of habeas corpus ordering he be released from custody and dissolving the Capias. Relator maintains in part that he has been denied due process because the trial court ordered incarceration *in absentia*. By order dated August 17, 2018, we ordered relator released from custody under the "Capias" dated March 23, 2018 upon relator posting a $500 bond, and we requested a response to the petition. After reviewing the petition, HealthSpring's response, and the mandamus record, we conclude relator is entitled to the relief requested.

The underlying dispute went to arbitration and resulted in an order from the arbitration tribunal ordering THM to produce certain electronic health assessment forms known as 360 Forms. HealthSpring sought to enforce the tribunal's order by filing an application for temporary restraining order and for temporary injunction in the 219th district court of Collin County. The trial court issued an ex parte temporary restraining order on January 12, 2018 compelling THM to turn over the 360 Forms. Five days later, HealthSpring filed a motion to show cause and sought monetary sanctions against THM for failing to produce the 360 Forms as ordered in the temporary restraining order. THM filed a response to the application for temporary restraining order and for injunction and challenged the validity of the arbitration tribunal's order. The trial court granted the temporary injunction after the January 26, 2018 hearing on the application.

The show cause hearing was held on January 29, 2018 and then recessed to March 23, 2018. In the order recessing the hearing, the trial court ordered a THM corporate representative to attend the March 23, 2018 hearing and show cause for why THM should not be held in contempt for failing to comply with the court's orders. No THM officers appeared at the March 23, 2018 show cause hearing. The trial court found Stroffolino in contempt for failing to appear at the hearing and for failing to comply with the prior orders. The trial court signed and issued a "Capias" on March 23, 2018 directing Collin County Sheriff Jim Skinner to take Stroffolino into custody until he or any THM representative complies with the court's order "to the satisfaction of the plaintiff in this matter."

Thereafter, THM challenged the arbitration tribunal's order in federal district court. THM's challenge was ultimately remanded back to the 219th district court in Collin County on June 25, 2018. An officer from the Collin County Sheriff's Office arrested Stroffolino at his home on August 13, 2018 pursuant to the March 23, 2018 Capias.

In *Ex Parte Alloju*, the Texas Supreme Court held that a "court should not try charges of criminal, constructive contempt in the alleged contemnor's absence, but should instead issue a capias or writ of attachment to bring the alleged contemnor before the court."  907 S.W.2d 486, 487 (Tex. 1995) (orig. proceeding). The Court explained that constructive contempt is a violation of a court order outside the presence of the court, including failure to appear for a hearing. *Id*. at 487.  The Court granted a petition for writ of habeas corpus, reasoning that, when a party is accused of contempt for failure to attend a hearing and is at risk for coercive incarceration, a trial court should not proceed on the contempt charges in the contemnor's absence without a waiver of his right to be present. *Id.*

Accordingly, we grant the writ of habeas corpus and vacate the March 23, 2018 "Capias" issued by the 219th Judicial District Court of Collin County, Texas in cause number 219-00125-2018, styled *HealthSpring Life & Health Insurance Company, Inc. v. Texas Health Management LLC*.  We order that relator Joseph Stroffolino be unconditionally released and discharged from the custody of the Sheriff of Collin County, Texas under the March 23, 2018 "Capias" and we vacate the March 23, 2018 "Capias" instanter.  We further discharge any bond paid by relator in accordance with this Court's August 17, 2018 order.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

180937F.P05

–3–