

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00402-CV

**IN RE STEFANIE MACK**

Original Proceeding[1]

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 23, 2023

PETITION FOR WRIT OF HABEAS CORPUS CONDITIONALLY GRANTED

Relator, Stefanie Mack, an employee of the Texas Department of Family and Protective Services ("the Department"), filed a petition for writ of habeas corpus complaining of the trial court's order directing the trial court clerk to issue a writ of capias for Mack's arrest. Because we conclude the capias order violates due process and is void, we conditionally grant the writ.

### BACKGROUND

The Department is the permanent managing conservator of a sixteen-year-old child, J.D.[2] On April 19, 2023, the trial court held a benchmark hearing in the case. Mack, who is a caseworker

---

[1]This proceeding arises out of Cause No. 2020-PA-01945, styled *In the Interest of J.D., a Child*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

[2]In *In re Gallegos*, No. 04-23-00401-CV, 2023 WL 4482240, at *1-2 (Tex. App.—San Antonio July 12, 2023, orig. proceeding), we conditionally granted a petition for writ of habeas corpus in a companion case arising from the same trial court proceedings.

for the Department, was present at the hearing, albeit virtually. During the hearing, the trial court stated that Mack was "ordered to appear before this Court in person tomorrow at 1:30. And for the record that's April 20th, 2022 [sic] at 1:30." In her habeas petition, Mack acknowledges that she heard the trial court's verbal order directing her to be present in person the next day.

Before the April 20 hearing, the Department filed a motion for Mack to appear at the hearing virtually instead of in person, which the trial court denied at the beginning of the hearing. Mack did not appear in court in person as verbally ordered.[3] In response, the trial court signed an "Order for Writ of Capias and Setting of Bond," ordering the trial court clerk to issue a writ of capias "commanding th[e] sheriff or peace officer to take the body of Stefanie Mack, and bring her before this Court for a hearing on the Court's intent to hold Stefanie Mack in direct contempt."

Mack was never served with any summons or written order compelling her attendance at either the April 19 or the April 20 hearing. Nor was she ever served with any written order informing her that she must appear and show cause why she should not be confined for her failure to appear in court.

On April 20, 2023, Mack filed a petition for writ of habeas corpus claiming the capias order is an unlawful restraint on her liberty and denied her due process. We stayed the capias order and gave the trial court and the attorney ad litem for the child an opportunity to file a response. Only the attorney ad litem for the child filed a response.

### DISCUSSION

The capias order finds that "a writ of capias should be issued for the arrest of Stefanie Mack" and orders the trial court clerk to issue a writ of capias "commanding" the sheriff or any

---

[3]The verbal order directing Mack to appear before the court in person on April 20, 2023, was reduced to writing and signed by the trial court. Counsel for the Department signed the written order, approving it as to form only. Mack's signature does not appear on the order.

peace officer to "take the body of [] Mack, and bring her before this Court for a hearing on the Court's intent to hold [] Mack in direct contempt." The capias order called for Mack's arrest without further notice to her, and she is unable to exercise her liberty while it remains in effect. If we had not stayed the capias order, it would be in effect and Mack could be subject to arrest, restraint, and confinement at any time. Accordingly, we hold that Mack has satisfied her burden of showing a restraint on her liberty. *See In re Gallegos*, 2023 WL 4482240, at *2 (holding capias order was a sufficient restraint of liberty to justify habeas corpus relief); *In re Tex. Dep't of Family and Protective Servs.*, No. 04-22-00226-CV, 2022 WL 1751013, at *3 (Tex. App.—San Antonio June 1, 2022, orig. proceeding) (same).

It is well-established that the failure to appear in court is a matter of constructive rather than direct contempt. *Ex parte Alloju*, 907 S.W.2d 486, 487 (Tex. 1995) (orig. proceeding); *see also In re Oliver*, 333 U.S. 257, 274-75 (1948) (providing that direct contempt is a "narrow exception" to due process requirements and "includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent 'demoralization of the court's authority . . . before the public.'"). Thus, to comply with due process, Mack was entitled to all the procedural safeguards due an alleged constructive contemnor including notice and a hearing to defend or explain the charges. *See In re Gallegos*, 2023 WL 4482240, at *3. "[A] constructive contemnor is *always* entitled to notice and a hearing in order to defend or explain the charges." *In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011) (emphasis added).

"Due process requires that the alleged contemnor be personally served with a show cause order or that it be established that [s]he had knowledge of the content of such order." *Ex parte Blanchard*, 736 S.W.2d 642, 643 (Tex. 1987). Here, as in *Blanchard*, "there is no indication that

the [trial] court issued any valid show cause order or equivalent legal process apprising the [alleged] contemnor of the accusations." *Id*. To the contrary, the capias order indicates that Mack would be provided no further notice.

By failing to personally serve Mack with a show cause order or equivalent legal process, the trial court deprived Mack of the notice due process requires. Accordingly, we hold the trial court's capias order is null and void. *See In re Gallegos*, 2023 WL 4482240, at *3 ("Because Gallegos was not afforded the notice due process requires, the capias order is null and void."); *In re Tex. Dep't of Family and Protective Servs.*, 2022 WL 1751013, at *4 (holding contempt and capias orders void when there was "no indication that the trial court apprised the relator of the accusations against her through a show cause order or a legal equivalent.").

## CONCLUSION

We therefore conditionally grant the petition for writ of habeas corpus and direct the trial court, no later than fifteen days from the date of this opinion, to vacate the "Order for Writ of Capias and Setting of Bond" signed on April 20, 2023. We are confident the trial court will comply. The writ will issue only in the event we are informed it does not.

Liza A. Rodriguez, Justice